[Civ. No. 3485. Second Appellate District, Division One.—March 5, 1921.]

WESTERN INDEMNITY COMPANY (a Corporation), Respondent, v. WASCO LAND AND STOCK COMPANY (a Corporation), Appellant; WILBUR AUSTIN, Intervener and Respondent.

[1] Negligence—Operation of Train of Vehicles—Absence of Red Light at Rear.—A person operating a train of vehicles, consisting of a tractor, a wagon-load of grain, an oil wagon and a cookhouse built upon a truck platform, along a public highway is guilty of negligence in not displaying a red light at the rear end thereof as required by the motor vehicle law.

[2] Id.—Stopping on Highway—Absence of Red Light at Rear—Action for Damages—Evidence—Verdict.—In this action for damages for personal injuries received by the driver of a motor vehicle when his machine, at a time when it was dark and foggy, collided with the rear end of a train of vehicles standing on the side of the highway, the evidence, showing among other things, that the driver of the train of vehicles did not display a red light at the rear end thereof and that he did not remove the train of vehicles entirely off the paved portion of the roadway before stopping, was sufficient to sustain the verdict in favor of the plaintiff.

[3] Id.—Subrogation of Insurance Carrier—Admissibility of Policy.—An insurance carrier, upon assuming the liability of the insured toward the injured employee, becomes subrogated to the rights of the insured, including the right to bring action against the party by whose negligence the injury was caused, and upon the trial of such action the policy of insurance issued by the

plaintiff to the employer of the injured employee is admissible in evidence.

[4] ID.—COMPENSATION OF EMPLOYEE AFTER INJURY — EVIDENCE.—In such action, the injured employee having already testified that when he went back to work he received the same wages as he had received before the accident, it was harmless error to sustain an objection to the further question, asked by the defendant on cross-examination, as to whether he had been receiving after the accident less or more money than he had received before.

[5] ID.—INSTRUCTIONS—APPEAL—INSUFFICIENT RECORD.—The appellate court cannot determine whether or not the trial court committed error in refusing to read to the jury certain instructions offered by the defendant where a full statement of the charge given by the trial court is not included in the briefs, nor in the typewritten record brought up.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. J. Emmons for Appellant.

Anderson & Horton and Wiley & Lambert for Respondents.

JAMES, J.—This appeal is taken from a judgment entered in favor of the plaintiff against the defendant corporation for the sum or $2,727.50. The recovery was awarded because of injuries suffered by one Austin through the alleged negligence of defendant corporation. Austin was employed by a laundry company doing business in and about the city of Bakersfield, and, while engaged in his employment as a driver of a motor vehicle, suffered the injuries for which compensation was allowed. The plaintiff, Western Indemnity Company, was the insurance carrier for the laundry company employer, and assumed the liability of the latter toward the employee. Upon making such assumption of liability it became subrogated to the rights of the insured, which included the right to bring action against the corporation alleged to have been at fault.

The contentions advanced by appellant in the brief of its counsel are: (1) The verdict of the jury was not warranted by the evidence; (2) that the court erred in rulings upon

the introduction of evidence; (3) that the court erred in its instructions to the jury. A consideration of the first proposition requires a brief statement to be made of the evidence offered in support of the plaintiff's claim. In the month of January, 1917, an employee of appellant was traveling on a public highway toward the city of Bakersfield. He was in charge of a tractor motor which was propelled by a gasoline engine. To this motor was attached, first, a wagon-load of grain, and behind this an oil wagon, and to the latter a cook-house. The cook-house was built upon a truck platform. As evening came on the engine of the tractor failed to work satisfactorily, and the employee of appellant conducted his train of vehicles to the side of the highway, leaving, however, the left wheel of the tractor upon the paved portion of the highway, the tractor wheels being twenty-eight inches wide. From front to rear the train of vehicles covered a distance of about eighty-five feet. When the train was stopped, as has been noted, with the left wheel of the tractor upon the paved highway, the rear of the train and the left-hand corner of the cook-house projected to a distance of about three and a half feet upon the pavement. The paved highway at that point was of sufficient width only to allow two vehicles to pass conveniently with a two-foot clearance between. The accident, of which a description follows, occurred at about 7 o'clock in the evening. It was dark and foggy. The employee of appellant had before that time lighted three lanterns, one of which he placed at the top of the engine, one in the middle of the second wagon, and one on the left-hand corner of the cook-house or last vehicle of the train. These lanterns were ordinary oil lanterns and emitted a white light. No colored lights were set on any part of the train. [1] It becomes important here to consider whether the law requiring the display of lights upon motor vehicles demanded that a colored light should have been placed at the rear of the train of vehicles. Appellant contends that such was not the requirement of the law, but we think as to that matter it is mistaken. Section 1 of the motor vehicle law, Statutes of 1915, 397, in defining what shall be considered a motor vehicle, declares that such designation shall include all vehicles propelled otherwise than by muscular power, except vehicles which run upon rails or tracks, and provides fur-

ther "that any motor vehicle which shall be operated on the highway drawing a trailer or other vehicles shall be deemed to be an automobile for all the purposes of this act." Other parts of the act required the display of a red light at the rear of all motor vehicles during the night-time. At the outset, then, it must be considered that appellant was negligent in not displaying a red light at the rear of its motor train; and this condition alone furnishes a sufficient reason why, upon the evidence, this court must conclude that the verdict of the jury should be sustained. [2] Austin, the injured party, testified that he was driving the automobile of the laundry company on a return trip to the city of Bakersfield on the evening in question; that just before reaching the point where the train of appellant was standing the glare of a passing automobile struck upon his windshield; that he observed no lights ahead of him and that as the automobile mentioned passed him he observed the rear of appellant's train immediately in front, and too late to avoid a collision with it. Appellant insists that under this statement of the complainant it is made to appear that the accident was caused wholly by the glare from the headlights of the automobile which passed Austin immediately before the occurrence of the collision. We are not authorized and neither was the jury required to draw such conclusion from the evidence. Had a red light been exhibited on the rear of appellant's train, for aught that appears, the warning of this light might have been made appreciable to Austin in time to have stopped his vehicle and avoided a collision. In a consideration of the evidence another important matter presents itself: It was shown that appellant's driver might have, without the contour of the ground preventing him from so doing, removed the train of vehicles entirely off the paved portion of the roadway before stopping. He gave as his reason for not so doing that the ground was somewhat wet and he was afraid the tractor wheels might slip. It was for the jury to determine whether his act in this, as in other regards, was consistent with the exercise of a reasonable degree of care. The evidence, in our opinion, was sufficient to sustain the verdict.

[3] Appellant objected at the trial to the introduction of the policy of insurance issued by the plaintiff to the employer of the injured person. We think there was no error

in the ruling of the court in allowing the document in evidence. One of the conditions which was a prerequisite to the right of the plaintiff to appear in the action was that it was the insurance carrier for the laundry company.

[4] Appellant, on cross-examination of the witness Austin, inquired as to whether Austin had been receiving after the accident less or more money than he had received before. The objection was sustained. Assuming that the direct examination of this witness was given such a scope as to include the subject matter of the question objected to, the error was harmless. This witness had, before the question was asked, already testified that when he went back to work he received the same wages as he had received before the accident.

[5] Error is predicated upon the further claim that the court should have read to the jury certain instructions offered by appellant. It would be useless to enter upon any analysis of the instructions offered to determine whether they stated a relevant proposition of law, for the reason that nowhere in the briefs, nor, in fact, in the typewritten record brought up, is there a full statement of what the charge was as given by the court. It may well be the fact that the court sufficiently covered all the propositions contended for in the instructions offered, in other instructions given.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 2, 1921.

All the Justices concurred.