WORDEN, by guardian *ad litem,* Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*April 6—May 1, 1923.*

*Railroads: Collision at grade crossing: Driving automobile into standing freight train.*

The driver of an automobile, who, knowing of the existence of a railroad grade crossing, drove his automobile on a dark night into a standing freight train, is guilty of contributory negligence which bars recovery.

APPEAL from an order of the circuit court for Winnebago county: FRED BEGLINGER, Circuit Judge. *Reversed.*

The complaint alleged that defendant at about 3 a. m. October 27, 1921, had obstructed by one of its freight trains for more than thirty minutes a public highway crossing in the town of Oshkosh, Winnebago county. That thereby defendant breached its duty to plaintiff, a traveler on that highway, in the following respects: by obstructing the highway more than ten minutes (sec. 1326*m,* Stats.) ; by operating its trains so as to endanger highway travel; by failing to give warning of the presence of the train; by failing to use proper care and caution to prevent injury to travelers. That the defendant's breach of one or all of the foregoing, or some other breach of defendant's duty, was the proximate cause of plaintiff's injury then and there sustained.

That plaintiff, driving his automobile at a moderate rate of speed and in the exercise of due care and caution, approached this crossing while it was very dark; that he knew of the existence of such crossing; looked and listened for an approaching train but saw and heard none; was not aware that a freight train was there; and did not know that any such train was then due. That solely by reason of defendant's negligence the automobile collided with the train and thereby the plaintiff was injured and the automobile demolished. For all of which plaintiff prayed damages.

The defendant demurred because of insufficiency of fàcts to state a cause of action. From an order overruling such demurrer defendant has appealed.

*Samuel H. Cady* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *Earl P. Finch,* attorney, and *Charles H. Forward,* of counsel, both of Oshkosh.

ESCHWEILER, J. Wherein defendant may have breached any of its statutory or common-law duties towards the plaintiff is immaterial on this appeal because the complaint shows upon its face such want of ordinary care for his own safety on plaintiff's part as requires holding, as a matter of law, that his contributory negligence must defeat any claim of right to recover.

Knowing of the track and highway crossing he drove his automobile on a very dark night into a standing freight train. With proper headlights on his automobile and driving with the degree of care the law requires of him, he should have seen and known of such obstruction in time to have avoided the collision. However liberally we are bound to and do construe the language of this complaint in an effort to sustain it as stating a possible cause of action, we are nevertheless compelled to hold that the demurrer should have been sustained. Such ruling is required by many decisions here and elsewhere. *Lawson v. Fond du Lac,* 141 Wis. 57, 60, 123 N. W. 629; *Yahnke v. Lange,* 168 Wis. 512, 515, 170 N. W. 722; *Puhr v. C. & N. W. R. Co.* 171 Wis. 154, 160, 176 N. W. 767; *Clemens v. State,* 176 Wis. 289, 309, 185 N. W. 209; *Bahlert v. C., M. & St. P. R. Co.* 175 Wis. 481, 185 N. W. 515; *Twist v. M., St. P. & S. S. M. R. Co.* 178 Wis. 513, 190 N. W. 449; *Plautz v. C., M. & St. P. R. Co., ante,* p. 126, 192 N. W. 381; *Kanass v. C., M. & St. P. R. Co., ante,* p. 49, 192 N. W. 383; *Spencer v. Taylor,* 219 Mich. 110, 188 N. W. 461, and cases there cited;

*Philadelphia & R. R. Co. v. Dillon* (Del.) 114 Atl. 62, 15 A. L. R. 901, note.

The case of *Depouw v. C. & N. W. R. Co.*, twice appealed here (151 Wis. 109, 138 N. W. 42, and 154 Wis. 610, 143 N. W. 654), held that a verdict might be supported in plaintiff's favor for injuries resulting from driving his team of horses in the darkness against the side of a train of flat cars on a crossing, but the substantial difference in the rule controlling accidents where the vehicle is horse-drawn and where it is an automobile is pointed out in *Lauson v. Fond du Lac, supra.*

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer.