KELLY v. KNABB.

(District Court, S. D. Florida. June 26, 1924.)

No. 1843.

Highways ⬤➡184(1)—Declaration held to disclose contributory negligence on its face.

A declaration alleging that plaintiff's agent, driving a car at night on a public highway, came into collision with an unlighted truck negligently left on the highway by defendant, causing injury, *held* to disclose on its face negligence of the driver, in view of Rev. Gen. St. Fla. § 1021, prescribing the lights required to be used on cars operated on the public highways.

At Law. Action by George C. Kelly against T. J. Knabb. On demurrer to declaration. Demurrer sustained.

Lloyd Z. Morgan, of Jacksonville, Fla., for plaintiff.
A. Z. Adkins, of Starke, Fla., for defendant.

CALL, District Judge. In the above-entitled case the declaration alleges that the injury was caused by reason of the defendant or his agent leaving upon a public highway an automobile truck without lights; that plaintiff's car, driven by his agent, was run into the said standing truck in the nighttime, and the injuries received.

The ninth ground of the demurrer is that the injuries received were caused by the acts of the plaintiff and his agent. Of course, under the facts pleaded in the declaration, the injuries caused by the collision between the moving car of plaintiff and the stationary truck of the defendant were caused by the plaintiff and his agent; but this would be no defense to the action, if the driver of the moving car was using due and ordinary care. Under the facts stated in the declaration, bearing in mind section 1021 of the Revised General Statutes of Florida, defining the lights required to be used on a car operated on the public highways of this state, I cannot conceive how a driver of the plaintiff's car in the nighttime, in a car equipped as required by law and using any ordinary care whatever in looking ahead, could have had a collision such as this one. I am of opinion that the negligence of plaintiff's agent is apparent upon the face of the declaration, and that such negligence was the proximate cause of the accident.

The demurrer will therefore be sustained.