YANO, Respondent, vs. STOTT BRIQUET COMPANY, Appellant.

*May 7—October 14, 1924.*

*Railroads: Negligence: Car standing across street: Automobiles:
   Driving in foggy weather: Contributory negligence: Proxi-
   mate cause.*

1. One driving an automobile on a dark, foggy night with its head-
   lights dimmed below the requirements of sub. 2, sec. 1636—
   52*a*, Stats. 1921, though not bound to anticipate the presence
   of a loaded freight car projecting partially across a street
   intersection, was contributorily negligent in colliding with it.
   p. 494.
2. Some causal relation must exist between plaintiff's contributory
   negligence and the injury which he sustained to bar recovery;
   but in this case such relation appears as a matter of law, as,
   if the plaintiff could not see, it was his duty to stop. p. 495.

APPEAL from a judgment of the superior court of Douglas county: ARCHIBALD McKAY, Judge. *Reversed.*

Winter street in the city of Superior runs east and west. The right of way of the Lake Superior Terminal and Transfer Railway Company tracks runs northwest and southeast across the street. One of these tracks serves defendant's manufacturing plant situated on the south side of Winter street. About 1 o'clock in the morning of September 3, 1922, the defendant caused five cars, loaded with briquets, to be moved northward so that one car extended into Winter street in such a position that its northeasterly corner extended over the paved portion of Winter street about four or five feet. The northwesterly corner of the car was flush or nearly so with the south edge of the paving or traveled portion of the street. The plaintiff, who was out riding with a Miss Kolaski, traveled west along Winter street to a point some 200 or 300 yards beyond the tracks, there stopped his Cadillac sedan for some time, then turned around and traveled east along Winter street. Winter street along its south side was rough and the plaintiff was driving in

the center or to the north of the center of Winter street. According to the plaintiff's testimony he was blinded by the glare of an approaching headlight, and when about 200 feet distant from the street car he dimmed his headlights in such a manner that the light was thrown down upon the ground at a point not more than twenty feet ahead of the car. As he proceeded he turned to the south or right-hand side of the street, came in contact with the northeasterly corner of the box car, and sustained injuries to his automobile found by the jury to amount to $1,408.16. After verdict there were the usual motions, judgment was rendered for the plaintiff upon the verdict, and from the judgment so rendered the defendant appeals.

For the appellant there was a brief by *Hanitch, Hartley, McPherson & Johnson* of Superior, and oral argument by *C. J. Hartley.*

For the respondent there was a brief by *Grace, Fridley & Crawford* of Superior, and oral argument by *C. R. Fridley.*

The following opinion was filed June 3, 1924:

ROSENBERRY, J. It is the contention of the defendant that the plaintiff was guilty of contributory negligence as a matter of law in this: that he was traveling at a rate of fourteen to fifteen miles an hour on a city street in the night with lights so dimmed that he could not see more than fifteen or twenty feet ahead of his car. It appears that the night was dark and foggy. Sub. 2, sec. 1636—52a, Stats., provides:

"The minimum requirements for head lamps on any automobile or other similar motor vehicle, except motorcycles, while being driven upon the highway, shall be such as to enable the driver to clearly distinguish a person, vehicle or other substantial object two hundred feet ahead, and the design, adjustment, and operation of such head lamps shall be such as to avoid dangerous glare or dazzle."

Upon the plaintiff's own testimony he violated the provisions of this statute. It has been held that one who drives an automobile at night with dim headlights so fast that he cannot stop within the distance that he could see an object ahead of him is guilty of negligence in running into the rear end of a milk wagon. *Yahnke v. Lange,* 168 Wis. 512, 170 N. W. 722.

In *Pietsch v. McCarthy,* 159 Wis. 251, 150 N. W. 482, the defendant collided with the rear of plaintiff's wagon being driven on a street in the city of Milwaukee. On the defendant's automobile were lights which carried about ten feet ahead of his car. As in this case, the headlights from an approaching car had obscured his vision. After driving about 100 feet without slacking his speed he collided with plaintiff's wagon. The defendant, although traveling at from ten to thirteen miles an hour, was held guilty of contributory negligence. See, also, *Lawson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629; *Johnson v. Prideaux,* 176 Wis. 375, 187 N. W. 207.

In *Worden v. C. & N. W. R. Co.* 180 Wis. 551, 193 N. W. 356, the facts were very similar to the facts in this case. There the plaintiff, with insufficient lights, ran into a railway train standing across a public street. It was said:

"With proper headlights on his automobile and driving with the degree of care the law requires of him, he should have seen and known of such obstruction in time to have avoided the collision."

It is argued on behalf of the plaintiff that he was not bound to anticipate the presence of a freight car in the street. It is quite true he was not bound to anticipate the presence of the freight car, but he was bound to anticipate that there might be some obstruction in the street and he was also bound to obey the law, which is clear and explicit and without exceptions.

It is said also that there must be some causal relation be-

tween plaintiff's negligence and the injury which he sustained. That is also true, but that relationship appears here as a matter of law. If the plaintiff could not see it was his duty to stop, as indicated in the case of *Johnson v. Prideaux, supra.* Apparently this is the last thought that comes to automobile drivers, judging by the records which we are called upon to examine in this court. The driver has no right to proceed at a dangerous rate of speed considering the circumstances. It is his duty to observe the law and exercise due care. Due care may mean stopping or slowing down as the circumstances require. If the plaintiff was driving at the speed he said he was driving, had his lights been on, he must have seen the obstruction in time to avoid it. If he could not see, it was his duty to wait until he could see, or at least to drive no faster than would permit him to stop within such distance as the object might be brought within the range of his vision.

*By the Court.*—Judgment of the circuit court reversed, with directions to dismiss plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on October 14, 1924.