FANNIN, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*October 14—November 11, 1924.*

*Railroads: Accidents at grade crossings: Driving automobile through ·cloud of smoke obscuring vision: Contributory negligence.*

Plaintiff, who drove his automobile at a rate of eighteen to twenty miles per hour in the nighttime along a familiar highway and approaching a railroad crossing, the existence and location of which was known to him, was guilty as a matter of law of contributory negligence in driving through a cloud of smoke which obscured his vision of the highway and running into a train standing on the crossing. p. 32.

APPEAL from a judgment of the circuit court for Forest county: W. B. QUINLAN, Circuit Judge. *Reversed.*

After dark on November 1, 1921, near the station of Argonne in said county, plaintiff, forty-five years old, with seven years' experience, driving a new Ford car with lights and brakes in good condition, ran into defendant's freight train which was standing squarely across the highway on which plaintiff was approaching.

The grounds of negligence relied upon were those found in plaintiff's favor by the special verdict, viz.: that by reason of a fire set by defendant to a pile of ties on its right of way and to the west of the highway, smoke gathered across the highway of sufficient density to prevent plaintiff from discovering and seeing the freight train in time to stop; that defendant failed in ordinary care in permitting such smoke to so collect and accumulate and in not having some person stationed at the crossing to warn approaching persons; and in failing to cut the train so as to leave the crossing open; and that each of such was a proximate cause of the damage to plaintiff's person and automobile. They also found no want of ordinary care on plaintiff's part proximately contributing to his injury. Also that the train stood on the crossing for twenty minutes. The damages to his person and automobile were separately assessed.

Upon motions by the respective parties after verdict judgment was ordered in plaintiff's favor, and from such the defendant appeals.

For the appellant there was a brief by *Hayes, Sawyer & Sondel,* attorneys, and *W. A. Hayes,* of counsel, all of Milwaukee, and oral argument by *W. A. Hayes.*

For the respondent there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *Walter F. Kuzenski.*

ESCHWEILER, J.    Upon the testimony of plaintiff his own contributory negligence appears so clearly and conclusively as to require a reversal of the judgment and a dismissal of the action.

He was long familiar with this crossing. He approached

it after dark at a speed of fifteen to eighteen miles an hour, at which rate he could bring his car to a stop in about two rods. He did not slacken his speed until after he entered the smoke which he claims shut off a view of the standing train, and at a point about one rod from it. Then, realizing that there was not sufficient time to stop, he turned sharply to the side. As a result of the collision with the freight car the radiator of the automobile was broken off and pushed back under the wind-shield and the engine knocked off of its base.

Assuming for the purpose of the disposition of this case that there was negligence on defendant's part in failing to exercise the requisite amount of care on its part, there can be no escape from the conclusion that the plaintiff was himself negligent in so driving in the nighttime along a familiar highway, knowing of the existence and location of the railroad crossing; the near-by station; and chargeable with knowledge of the possible presence of a train either standing on or moving over the crossing. If the cloud of smoke was so thick and heavy as to obscure the outlines of the standing train, the existence of such a wall of smoke between himself and the train ought, in the exercise of reasonable care that the law charges upon such drivers, to have been discovered by him with the aid of his lights at least two rods or more before he drove into such obstacle to his vision. Ordinary care required him to stop or substantially lessen his rate of speed before plunging on and into such obstruction. Whether the impossibility of seeing the freight car across the highway was due to the darkness or to the cloud of smoke is entirely immaterial so far as the question of what was due and proper care for his own safety is concerned. That contributory negligence of the kind here displayed is a bar to recovery has been clearly and repeatedly declared by this court. We need merely refer to the following decisions: *Lawson v. Fond du Lac,* 141 Wis. 57, 62, 123 N. W. 629; *McMillan v. C., M. & St. P. R. Co.* 179 Wis.

323, 328, 191 N. W. 510; *Worden v. C. & N. W. R. Co.*
180 Wis. 551, 193 N. W. 356; *Yano v. Stott B. Co.* 184
Wis. 492, 199 N. W. 48.

His driving into the cloud of smoke obscuring, if it did
so, his vision of the highway, is substantially the same want
of care as that of one in the daytime driving into a cloud of
dust, as was discussed, although not a determining factor, in
the case of *Johnson v. Prideaux,* 176 Wis. 375, 379, 187
N. W. 207.

*By the Court.*—Judgment reversed, with directions to
dismiss the complaint.