McHANEY *v.* LAFAYETTE SOUTH SIDE BANK & TRUST Co.

4—2596

Opinion delivered June 13, 1932.

*Partlow & Rhine* and *W. W. Bandy,* for appellant.

*Cecil Shane,* for appellee.

HUMPHREYS, J. Appellee, successor to the Lafayette South Side Bank of St. Louis, both foreign corporations, brought this suit in the circuit court of Greene County to recover from appellants, on a guaranty contract executed November 1, 1927, to the Lafayette South Side Bank of St. Louis, a balance of $9,219.76 due upon two renewal notes dated, respectively, on August 16th and 20, 1930, from the Paragould Wholesale Grocer Company.

Appellants filed an answer, admitting the execution of the notes and guaranty contract, but denying liability on the guaranty contract because neither appellee nor its predecessor, foreign corporations, had complied with §§ 1826-32 of Crawford & Moses' Digest in order to do an intrastate business in Arkansas, which failure rendered the contract invalid and nonenforceable in the courts of this State, according to said statutes.

The cause was submitted to the court sitting as a jury upon the pleadings and testimony, which resulted in a judgment against appellants in the amount sued for, from which is this appeal.

The record reflects the following facts: Appellee and its predecessor were Missouri corporations organized to extend credit and lend money to other corporations in or out of the State of Missouri upon notes to be executed by them, and to be guaranteed by their officials or directors under written guaranty contracts. The guaranty contracts undertook to pay any indebtedness incurred by the corporation obtaining the line of credit absolutely in the event said corporation should fail to pay same. The Paragould Wholesale Grocer Company solicited and obtained in the office of appellee's predecessor, in St. Louis, Missouri, a continuing line of credit from it of $100,000, in the year 1925, under agreement that it would execute notes for the amounts borrowed from time to time, to be dated as of St. Louis, and to be delivered there and pay-

able there, and guaranteed by its officers or directors in the form of a written guaranty contract. Pursuant to the agreement, two written guaranty contracts, identical in form, were signed by the officers of the Paragould Wholesale Grocer Company, and delivered to appellee's predecessor in St. Louis, each being signed by different officials. It does not appear why the contracts were executed in two identical parts. Pursuant also to the agreement, large amounts were borrowed from time to time, and notes were executed to cover same. Some of the notes were paid by the Paragould Wholesale Grocer Company, and others were renewed. On November 1, 1927, at the request of appellee's predecessor, a renewal guaranty contract, in identical form of the first two, was signed by all the officers except two, who signed the original guaranty contracts. It was the custom of appellee to have all guaranty contracts taken by it to guarantee the payment of running loans within the line of credit extended so as to avoid such possibilities as the statute of limitations getting in the way, and, in accordance with that custom, the renewal guaranty contract was requested and obtained. The renewal guaranty contract closed with this language: ''Executed at Paragould, Arkansas, this 1st day of November, 1927.'' The representative of appellee, who was in the employ of appellee's predecessor, a Mr. Jones, testified, in response to a question by the court, that he was certain the renewal guaranty contract was executed at Paragould. No money was advanced after the execution of the renewal guaranty contract, but the old notes were renewed from time to time and interest and a part of the principal were paid, until the indebtedness was reduced to the amount sued for. The original guaranty contracts, as well as the renewal guaranty contract, provided for the renewal of notes evidencing the line of credit granted in 1925, and also for the assignment of the guaranty contracts, as well as notes executed in the line of credit. The Paragould Wholesale Grocer Company went into bankruptcy the latter part of 1930. After its failure, several of the appellants

wrote letters requesting time for the payment of the notes, and subsequently made payments thereon. Neither appellee nor its predecessor. complied with the law of Arkansas in order to do intrastate business here.

Over the objection of appellants, the court admitted in evidence the two original guaranty contracts, which had never been surrendered, and the letters written by appellants requesting time in which to pay the notes.

The main contention for a reversal of the judgment is that the execution of the last guaranty contract, made the basis of the action, constituted a doing of business within the State by foreign corporations, in violation of §§ 1826-32 of Crawford & Moses' Digest, and is a void obligation and nonenforceable in the courts of this State.

Appellants' interpretation of the evidence is that, because the last guaranty contract was executed and delivered to appellee or its predecessor in Paragould, it amounted to doing business in this State within the meaning of, and contrary to, said statutes. It does not follow that, because the renewal guaranty contract was signed and delivered in Arkansas, it was an independent, original undertaking or obligation. According to the testimony, its sole purpose was to continue in full force and effect the original contract for a line of credit with guaranty of payment by the officers of the Paragould Wholesale Grocer Company. The execution thereof in this State was a mere incident to the original contract for the extension of a line of credit made and to be performed in Missouri. It was clearly collateral to and not independent of the indebtedness incurred in the line of credit. Transactions merely incidental or collateral to contracts made and to be performed outside the State do not constitute a doing of business within the meaning of statutes imposing conditions, restrictions, or regulations of the right of foreign corporations to do business. 14A C. J., § 3982. This general declaration of law was approved by this court in the case of *Equitable Credit Company* v. *Rogers,* 175 Ark. 205, 299 S. W. 747. The failure of two of the original guarantors to sign the renewal

guaranty contract in no way affects the incidental character of the latter obligation, since the purpose of the execution of the last agreement was to continue in full force and effect the original agreement, which was clearly a Missouri contract.

Appellants also contend for a reversal of the judgment because the court admitted the original guaranty contracts and letters written by the guarantors requesting extensions because they were not made the basis of the suit. It is true the suit was not founded upon them, but they were admissible to show whether the contract sued upon was incidental to the main contract executed and to be performed in Missouri; in other words, to show whether the notes and guaranty were Missouri or Arkansas contracts. That was the issue involved, and all facts are admissible in evidence which afford reasonable inference or throw any light upon the issues joined. *Coca-Cola Bottling Company* v. *Shipp*, 174 Ark. 130, 297 S. W. 856; *Heard* v. *Farmers' Bank of Hardy*, 174 Ark. 194, 295 S. W. 38.

No error appearing, the judgment is affirmed.

Mr. Justice McHANEY disqualified and not participating.