MISSOURI PACIFIC RAILROAD COMPANY *v.* TROY.

4-5495                                                    128 S. W. 2d 1002

Opinion delivered May 22, 1939.

*Thomas B. Pryor, H. L. Ponder* and *H. L. Ponder, Jr.*, for appellant.

*J. Paul Ward* and *W. D. Murphy, Jr.*, for appellee.

HUMPHREYS, J. Appellee brought suit against appellants in the circuit court of Independence county to recover damages in the sum of $650 done to his truck growing out of a collision between appellant's passenger train and his truck at Sherill crossing between the towns of Sulphur Rock and Magness in said county, through the alleged negligence of their employees in approaching the crossing without blowing the whistle, or ringing the bell as required by the signal statute, (§ 11135, Pope's Digest), by failing to maintain the crossing in passable condition, and by permitting bushes to grow up on its right-of-way so as to obstruct the view of travelers on the highway to some extent in approaching the crossing.

Appellants filed an answer denying each allegation of alleged negligence and, by way of further defense, alleging the collision was due to the negligence of the driver of the truck, Melvin Casey, in carelessly and negligently driving the truck upon the track in front of the approaching train.

The cause was submitted to a jury upon the issues joined by the complaint and answer, the testimony of the witnesses introduced by the parties and the instructions of the court resulting in a verdict and consequent judgment for $500 in favor of appellee, from which is this appeal.

At the conclusion of the evidence appellants requested the court to instruct the jury to return a verdict for them on the ground that there was no substantial

evidence showing that appellants failed to ring the bell or blow the whistle as the train approached the crossing, nor by failing to maintain the crossing in a passable condition, nor in permitting bushes to grow up on the right-of-way so as to obstruct to some extent the view of travelers using the highway in approaching the crossing and for the further reason that the undisputed evidence showed that appellee was guilty of contributory negligence himself which resulted in the damage to the truck.

Eight witnesses who were in a position to hear the whistle had it been blown, or the bell had it been rung, as it approached the crossing testified that the whistle was not blowing and the bell was not ringing as the train approached the crossing. It is true that about as many witnesses testified that the bell was ringing and the whistle blowing as the train approached the crossing, but this conflict in the testimony presented an issue of fact for the jury to determine. The jury determined the issue adversely to the appellants and as there is much evidence of a substantial nature to support the verdict it is binding upon appellants.

There is, also, much testimony of a positive nature in the record to the effect that the crossing was extremely rough caused by exposed ties, rails sticking up from three to five inches and loose gravel that had been dug out by the wheels of trucks and automobiles. Several photographs of the crossing were introduced showing otherwise, but they were taken after the crossing had been repaired by spreading gravel and chat over the crossing. There is ample evidence in the record tending to show that the crossing was in an unusually rough condition at the time the truck was run over by the train and practically demolished.

Likewise there is much substantial testimony in the record to the effect that bushes had been permitted to grow up on the right of way which obstructed to some extent the view of travelers who might be looking in either direction for approaching trains.

All these issues were submitted to the jury under correct instructions. In fact appellants do not now argue that any of the instructions given by the court were

erroneous. They do argue that instructions numbers three, five, six and seven which they requested and which the court refused to give should have been given by the court. These instructions were either covered by other instructions given or were abstract or presented issues not involved in the case, and each and every one of them was properly refused.

Appellant argues that the facts and circumstances surrounding the collision show that the driver of the truck was guilty of contributory negligence in driving the truck upon the crossing. The facts stated in the most favorable light to appellee relative to driving the truck upon the crossing are, in substance, as follows: The railroad bed was higher than the highway and the approach to it was upgrade. From the crossing the railroad was straight in the direction from which the train came to high ground through which there was a cut. The distance from the crossing to the cut was about 250 or 275 feet. The approaching train could not be seen until it came out of the cut. As the truck driver was approaching the crossing he stopped his truck eight or ten feet from the track and looked and listened in both directions to ascertain whether a train was coming. His wife who was riding beside him did likewise. A boy in the rear of the truck was also looking and listening. None of them saw or heard the approaching train. The truck driver then started his truck very slowly onto the track. At this time his wife saw the train some seventy-five feet from them coming very rapidly and called the truck driver's attention to it and before he got the back end of the truck off the track the train struck it and practically demolished it. The driver testified on cross-examination that after looking and listening and failing to see or hear the approaching train he did not look again as he was attempting to pass over the crossing and directed his attention to the operation of the truck. Appellant argues that since he did not continue to look both ways he was guilty of contributory negligence as a matter of law. The duty resting upon him under the law was to exercise such care as a man of ordinary prudence would exercise under similar circumstances. The rule was announced in *Coca-*

*Cola Bottling Co.* v. *Shipp,* 174 Ark. 130, 297 S. W. 856, that negligence is doing something a person of ordinary prudence would not do, or failure to do something that persons of ordinary prudence would do, under the circumstances. This rule was re-announced in the case of *Arkansas Drilling Co.* v. *Gross,* 179 Ark. 631, 17 S. W. 2d 889, and the case of *Johnson* v. *Coleman,* 179 Ark. 1087, 20 S. W. 2d 186. Under this rule of what is ordinary care and prudence we are unable to say that as a matter of law the driver was guilty of contributory negligence in failing to look down the track again during the short interval he was attempting to pass over same. A careful or prudent man may have well concluded after stopping, listening and looking both ways, within eight or ten feet of the track, and hearing and seeing no approaching train he could pass over the crossing in safety, so it can not be said as a matter of law that the driver was guilty of contributory negligence. Appellants argue that the driver could not have looked and listened without seeing or hearing the train. Three witnesses swear positively that they not only listened and looked in both directions, but that the driver stopped the truck in order to do so. It must be remembered that the hill through which there was a cut prevented them from seeing the train more than 250 or 275 feet and that the train came at a speed of perhaps fifty or more miles per hour out of the cut as it approached the crossing. If the bell was not ringing nor the whistle blowing it can not be said as a matter of law that if the driver of the truck had listened he could have heard the approaching train. We think it clearly a question under all the circumstances surrounding the collision for a jury to determine whether the driver of the truck acted imprudently or carelessly in starting his truck and attempting to pass over the crossing. We do not think the undisputed evidence shows that the driver of the truck must necessarily have seen and heard the approaching train had he listened and looked. There is nothing to show that he could have driven faster than he did over the character and kind of crossing maintained by appellants for him to pass over and thereby prevent the injury to the truck.

No error appearing, the judgment is affirmed.