HIRAM H. McGLAUFLIN *vs.* BOSTON AND MAINE RAILROAD.

TERESA DEDDLING *vs.* SAME.

HENRY MARTELL *vs.* SAME.

MARY McSWEENEY *vs.* SAME.

ALICE THOMPSON *vs.* SAME.

MARTHA THOMPSON *vs.* SAME.

WALTER TATE *vs.* SAME.

Middlesex.  March 22, 1918. — May 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence*, Railroad, At grade crossing.  *Grade Crossing.  Motor Vehicle.  Evidence*, Presumptions and burden of proof.

The fact that a railroad corporation, without being ordered so to do by the railroad commissioners or the public service commission under St. 1906, c. 463, Part II, § 151, voluntarily assumed the duty of maintaining a bell operated by an electrical appliance to warn the public against the danger of cars and engines approaching a grade crossing of the railroad with a highway, does not warrant an inference that it also assumed the duty of so warning the public against the danger of collision with a car standing still on the track at the crossing at night, or that the mechanism was intended for that purpose.

In actions by the driver of and a passenger for hire in a motor car which in the night time collided with a car of a train so standing across a highway, where it appeared that the electric bell was not ringing to warn the plaintiffs as they approached and that the time that the train had been so standing was not more than five minutes, there is no evidence of negligence of the defendant.

SEVEN ACTIONS OF TORT for personal injuries caused on July 27, 1915, at 8:20 o'clock in the evening, when a motor car, driven by

the plaintiff McGlauflin and in which the other plaintiffs were passengers for hire, ran into a freight car which was a part of a railroad train being operated by the defendant and at the time standing still across a grade crossing of the railroad with the highway between Hudson and Marlborough. Writ in the first named action dated September 18, 1915, and in all the other actions dated August 18, 1915.

In the Superior Court the actions were tried together before *Lawton,* J. The material evidence is described in the opinion. At the close of the evidence, the plaintiff McGlauflin excepted to a refusal of the judge to grant certain requests for rulings. He also excepted to certain portions of the charge. These exceptions, as stated in the opinion, owing to the decision of this court have become immaterial. The judge refused to grant a motion of the defendant that a verdict be ordered in its favor in each action.

The judge submitted to the jury the following special questions, the first of which was answered in the affirmative, and the second in the negative:

"Was the electric bell at the crossing silent from the time the automobile came within hearing distance of the crossing until the time of the accident?

"Had the defendant's train been on the crossing for more than five minutes before the accident happened?"

The jury found for the defendant in the action by McGlauflin, for the plaintiff Tate in the sum of $1,000, and for each of the other plaintiffs in the sum of $400.

The presiding judge reported the actions for determination of the plaintiff's exceptions in the McGlauflin case, and upon an agreement of the parties in all of the other cases that, in case this court should determine either that the evidence of the failure of the electric bell, described in the opinion, to ring did not tend to show negligence of the defendant nor of its agents or servants, or that a verdict should have been ordered as asked for by the defendant, then judgment should be entered in each case for the defendant; and, if such ruling as to evidence should have been made and if the cases should have been submitted to the jury on the issue of negligence of the defendant because of the failure of the electric bell to ring, then judgment on the verdict was to be entered for the plaintiffs.

St. 1906, c. 463, Part II, §§ 151, 155, are as follows:

"Section 151.   The board of railroad commissioners, after notice to a railroad corporation whose railroad crosses a highway, town way or travelled place at the same level, and a hearing, may direct in writing that gates shall be erected at said crossing across said way or place and that an agent be stationed thereat to open and close such gates when an engine or train passes, or that a flagman be stationed at the crossing, who shall display a flag when an engine or train passes, or that such crossing shall be provided with such an electric signal as said board determines the better security of human life or the convenience of the public travel requires, and the corporation shall comply with such order.

"Section 155.   A railroad corporation, or receiver, or assignee thereof, or its or his servant or agent, shall not wilfully or negligently obstruct or unnecessarily or unreasonably use or occupy a highway, town way or street, or in any case obstruct, use or occupy it with cars or engines for more than five minutes at one time; and if a highway, town way or street, has been thus used or occupied with cars or engines, the railroad corporation, or receiver or assignee thereof, shall not again use or occupy it with the cars or engines of a freight train, until a sufficient time, not less than three minutes, has been allowed for the passage across the railroad of such travellers as were ready and waiting to cross when the former occupation ceased.   A railroad corporation, receiver, or assignee thereof, who violates  the provisions of this section, shall forfeit one hundred dollars."

W. J. Patron, (J. J. Shaughnessy with him,) for the plaintiffs.

J. M. O'Donoghue, (F. N. Wier with him,) for the defendant.

CARROLL, J.   The plaintiff McGlauflin was operating for hire an automobile, between Hudson and Marlborough, for the conveyance of passengers.   The other plaintiffs boarded the automobile about eight o'clock in the evening, July 27, 1915, at Hudson, to be carried to Marlborough.   About a mile from the starting place the public highway crosses the defendant's railroad at grade.   The railroad crossing cannot be seen by a person travelling in the direction in which the plaintiffs were going until within about two hundred and fifty to three hundred feet of it.   There was an electric bell at the right of the highway, designed to warn travellers on the highway of approaching trains, which was installed

and maintained by the defendant, although not required by an order under St. 1906, c. 463, Part II, § 151. While the plaintiffs were travelling at the rate of eighteen miles an hour, they came into collision with a freight train standing on the crossing, and received the injuries of which they complained. They testified that they listened for the bell and did not hear it. McGlauflin testified that he was about fifty feet away when he first saw the train and it was impossible for him to stop his machine in less than sixty feet. One headlight on the automobile was not lighted and the other threw its rays about forty feet. There was evidence that the failure of the gong to ring was caused either by an exhausted battery or by broken connections.

The jury found that the bell was silent from the time the plaintiffs came within hearing until the time of the collision, and that the train had not been on the crossing for more than five minutes before the accident occurred. St. 1906, c. 463, Part II, § 155. They found for the defendant against the plaintiff McGlauflin, and his case is before us on exceptions, with a stipulation that if the evidence of the failure to ring the bell did not show negligence of the defendant or its servants, and if the case should not have been submitted to the jury on this issue of negligence, then judgment is to be entered for the defendant; they also found for the other plaintiffs, and the judge reported the cases to this court.

The only negligence relied on is the failure of the electric gong to ring. Even if this appliance were maintained by the defendant because required to do so under the authority of the statute, its purpose was to protect travellers on the highway from the danger of approaching trains, and not to warn the public against cars and engines which were standing still. A plaintiff cannot recover for the violation of a statute unless there is a causal connection between his injury and the condition to which the statute applies. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 497. See also *Wylie* v. *Blake & Knowles Steam Pump Works,* 221 Mass. 489, 493, 494; *Davis* v. *John L. Whiting & Sons Co.* 201 Mass. 91, 96. See, in this connection, *White* v. *New York, New Haven, & Hartford Railroad,* 200 Mass. 441, where it was decided that the statute relating to signals at a grade crossing did not apply when a portion of a train had passed the crossing and stopped, leaving the rear car on the crossing. In *Trask* v. *Boston & Maine Railroad,*

219 Mass. 410, it was held that a traveller on a highway in an automobile colliding with a car at rest upon a public crossing, could not recover.

The train was east bound. There was evidence that, when a train was approaching the crossing, the mechanism was so arranged that fifteen hundred feet west of the highway the bell would begin to ring and would continue to ring until the last car of the train had reached a point thirty feet west of the highway. Even if the gong did not sound when the plaintiffs drew near the crossing, and it was customary for it to ring when trains were passing, this would not be a violation of the statute. The plaintiffs could not rely on this circumstance to establish the defendant's negligence, although it might have bearing upon the question of the plaintiffs' care.

The fact that the defendant maintained this electric appliance to warn the public against the danger of approaching cars and engines, and voluntarily assumed the duty without an order or request from the railroad commissioners, does not show that the arrangement was intended to protect travellers against the danger of collision with a car standing on the track, or that the mechanism was operated for such a purpose. A failure to use a safety appliance, adopted as a protection against some particular danger, cannot be relied upon to prove negligence when the injury is caused by another danger which the appliance was not designed to guard against; and the responsibility voluntarily assumed to maintain these signals imposes no higher duty upon a railroad company than the statute requires. There is nothing in *Cross* v. *Boston & Maine Railroad*, 223 Mass. 144, 148, 149, inconsistent with what is here decided. As the cause of the injury was not the failure of the gong to sound as the train approached the crossing but the collision with a train of cars standing still, and as the electric appliance was not intended to notify them of such a condition, the plaintiffs cannot recover.

According to the report and stipulation, as the failure of the electric bell to ring did not tend to show negligence causing the injury, judgment is to be entered for the defendant. It is therefore unnecessary to consider the exceptions in the McGlauflin case.

Judgment for the defendant in each case.

*So ordered.*