CATHERINE M. NADASKY, PLAINTIFF, v. PUBLIC SERVICE RAILROAD COMPANY, DEFENDANT.

Submitted March 23, 1922—Decided June 7, 1922.

1. A railroad company is entitled to obstruct a highway grade crossing by its cars or trains for a reasonable time, and while in the exercise of that right is not required to give warning to travelers on the highway of the obstruction to travel. Following *Jacobson* v. *New York, Susquehanna and Western Railroad Co.*, 87 N. J. L. 378.
2. Railroad crossing signals are intended to give notice of approaching trains, but travelers on the highway are not entitled to rely on them as warnings of trains or cars actually obstructing the crossing.
3. The crossing acts of 1909, pages 54 and 137, and 1910, page 490, are directed to the question of contributory negligence of travelers on the highway, and not to that of primary negligence of the railroad company.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff, *William C. Gebhardt & Son.*

For the defendant, *Lefferts S. Hoffman* and *Henry H. Fryling.*

The opinion of the court was delivered by

PARKER, J.  Plaintiff while riding in an automobile driven by a man who, as it seems to be admitted, was her agent for that purpose, sustained injuries by reason of the automobile running into a "work car" of the defendant at a point where the public highway crossed defendant's railroad track substantially at right angles at grade.  Defendant is a corporation organized under the general railroad law and therefore having the rights and being subject to the duties of other railroads organized under that act.  The accident occurred at night and it does not seem to be definitely settled on the evidence whether defendant's work car was at a standstill across the highway or was moving at a very slow speed.  If at a standstill, there was no proof and we think no claim that the car had been standing there for any unreasonable length of time.  The driver of plaintiff's automobile, a man named Jones, testified that he knew the highway well, that he was well acquainted with the crossing, and that he was looking out for approaching cars, and especially was looking for signals of approaching cars which he expected would be given by certain appliances put up at the crossing by defendant, consisting of a flash light and of a bell.  The negligence alleged in the complaint was that the defendant permitted the car to stand across and upon the said highway in the night time when it was very dark without having thereon any light and without giving any warning to the traveling public or to the plaintiff of the approach of the said car to or of the presence thereof on the said public highway by means of a bell, gates, flagman, light or lights, or otherwise.  There was a motion to direct a verdict for the defendant on the ground, first, that there was no proof of negligence on the part of the defendant; and secondly, because of negligence

of the driver of the automobile with which, as defendant claimed, the plaintiff was chargeable. Other reasons are assigned for making the rule absolute, but the above are sufficient for the purposes of this decision.

As we have said, there was nothing to show that defendant's car, which was a long platform car with a sort of shanty at each end intended for the protection of the motorman according to the direction in which the car was moving, had been allowed to remain upon the crossing for any specified length of time. Defendant seems to have had another track running along or parallel with the highway and a switch connecting the two tracks. Whatever defendant may have been doing with the car at that point is not made to appear, but if it was at a standstill, there is no proof that it had stopped on the crossing more than momentarily, and it is with this situation in mind that the charge of negligence made by the plaintiff must be examined.

Of course, a railroad company cannot lawfully obstruct the public highway for an unreasonable length of time. It is elementary that it may lawfully propel its trains across the highway and thereby obstruct the crossing for such period as is reasonably necessary for the passage of said trains. It is also the common practice in many places for a railroad to drill its trains in such manner as to obstruct a crossing intermittently or for considerable periods of time not more than is reasonably necessary for the purpose of completing the drill. It may not utilize the crossing as a station for railroad cars for an indefinite period. *Palys v. Jewett,* 32 *N. J. Eq.* 302 (at *p.* 319). On the other hand, the legality of blocking such a crossing for a not unreasonable time is assumed and implied in the enactment by the legislature, in various municipal charters, special and general, of provisions that the municipal body may make ordinances to regulate the obstruction of railroad crossings within the municipal limits. And the question of the reasonable character of such ordinances has been raised in such cases as *Long v. Jersey City,* 37 *N. J. L.* 348; *Pennsylvania Railroad v. Jersey City,* 47

*Id.* 286.   In the later case of *Central Railroad Co.* v. *Elizabeth,* 64 *Id.* 534, this court held that a complaint under such an ordinance must follow the language of the ordinance in saying that the obstruction continued longer than was absolutely necessary for the purposes mentioned in the ordinance or, if a case was to be made out that the train stood on the crossing longer than five minutes, some pedestrian or person wishing to go over said crossing had requested that the train be broken.   These cases are sufficient to show the general situation of the law upon this subject.

Assuming, therefore, as we should assume on the proof or lack of proof in this case, that the defendant had not occupied the crossing with its car for more than a lawful period, the question is whether it was obliged in the execution of its duty toward the public to light up the car so that travelers upon the highway would see the lights and be warned of its presence at that point.   We make nothing of the signals that have been spoken of above; these were manifestly intended for the warning of travelers when the crossing should be, in fact, unobstructed, that a car or train was approaching, and that they were liable to be struck if they attempted to cross; the plaintiff had no right to rely upon them as warning of something which was actually in possession of the crossing in plain sight and visible except for the temporary conditions of darkness.   As to an obstruction of this kind, we have the authority of *Jacobson* v. *New York, Susquehanna and Western Railroad Co.,* 87 *N. J. L.* 378, where a substantially similar case was presented and in which it was held that there was no duty to warn or to show lights, and this decision, we think, is controlling in the present case.

The point was made that the crossing acts of 1909 and 1910, especially that of 1909, page 137, have the effect of conferring upon the plaintiff a right to a warning by bell or light, or both, under such conditions as existed in the present case.   These acts, however, seem to bear entirely upon the question of contributory negligence, and as we are resting the decision in the present case upon the question whether

there was any evidence to show primary negligence that the jury could take hold of, it is unnecessary to give any special consideration to the act of 1909.

We think, therefore, that on the evidence as presented the trial court should have directed a verdict for the defendant on the ground that no negligence had been shown by the evidence, and for the reasons above given the rule to show cause will be made absolute.