JOHN D. MORRIS, APPELLANT, v. ATLANTIC CITY RAIL-
ROAD COMPANY, RESPONDENT.

Submitted June 9, 1924—Decided October 20, 1924.

1. A railroad company is not guilty of negligence in obstructing a
   highway crossing by its train, nor is it bound to give warning
   to users of the highway that travel is so obstructed.
2. The relative rights of a railroad company and a traveler upon
   a highway to the use of a public crossing are co-equal, and no
   greater 'care in exercising the common right of passage is im-
   posed upon one than upon the other.

On appeal from the Camden County Circuit Court.

For the appellant, *Wescott & Weaver.*

For the respondent, *French & Richards.*

The opinion of the court was delivered by

MINTURN, J.   The night was dark and foggy when the
plaintiff, the owner of two motor trucks, was proceeding
slowly with them, about two o'clock A. M., along the Tans-
boro road, near Winslow Junction, en route from Atlantic
City to Philadelphia.   An experienced motorman, familiar
with the route from frequent usage, he drove his car slowly,
and became aware of the presence of the railroad tracks
only when he reached the first track, and then too late to
avert a collision with a freight train, which was occupying
the crossing.   No personal injury resulted, but the two trucks
were materially damaged, and for that injury he instituted
this suit, upon the theory that the defendant's employes
should have been aware of the presence of the trucks, and
should not have reversed or backed the train as they did
after the collision actually had taken place.   It was also
contended that in view of the extraordinary weather con-
ditions, which prevented the plaintiff from obtaining a view
much further than the hood of the trucks, the duty was im-
posed upon defendant of using extraordinary means of warn-

ing, commensurate with the situation. The plaintiff, fully acquainted with the environment, was aware that the crossing was unguarded, and possessed neither light, bell nor gates, while the impenetrable fog enveloped and obscured everything along the route. The learned trial court nonsuited, following the rule prescribed in *Nadasky* v. *Public Service Co.*, 97 *N. J. L.* 400, and *Jacobson* v. *N. Y. & S. W. Railroad Co.*, 87 *Id.* 378.

The conspicuous fact in the case is that at the time the railroad train was in actual possession of the crossing, and that the plaintiff collided with the train, and not the converse situation usually presented. To sustain a verdict in such a status it must reasonably appear that the damage resulted by reason of the non-performance by the defendant of some duty imposed upon it by law. *Kingsley* v. *Delaware, Lackawanna and Western Railroad Co.*, 81 *N. J. L.* 536; *Matthews* v. *Pennsylvania Railroad Co.*, 36 *Id.* 531.

In the absence of such a situation, liability will not be inferred. The relative rights of the parties here were co-equal, and the extraordinary conditions enveloping road and crossing imposd no greater duty of care upon one than upon the other, each exercising a common right of passage. It becomes apparent, therefore, in the light of the adjudications upon which the learned trial court relied as a basis for the nonsuit, that the defendant, under the circumstances, had not violated any legal duty imposed upon it by law in occupying the crossing, or in reversing the train without acquiring positive knowledge of the plaintiff's presence and situation at the time.

For this reason the judgment appealed from must be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 15.

*For reversal*—None.