SCHMIDT, Respondent, vs. CHICAGO & NORTHWESTERN
RAILWAY COMPANY, Appellant.

September 17—October 12, 1926.

*Railroads: Accidents at grade crossings: Failure of signal devices: Collision with train passing over crossing.*

1. An order granting a new trial is within the discretion of the trial court, and will not be disturbed unless there has been a clear abuse of discretion or unless it appears that the trial court has proceeded upon an erroneous view of the law. p. 185.

2. Where an automobile collided with a moving train on a grade crossing, the failure of signal devices, intended to warn only of the approach of trains, to operate was not negligence proximately contributing to plaintiff's injuries. p. 186.

3. A railroad company is not required to anticipate that by reason of the defective operation of an electric alarm bell and an electric wigwag at a grade crossing a traveler on the highway would collide with a train actually passing over the crossing. p. 186.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

*John F. Baker* of Milwaukee, for the appellant.

For the respondent there was a brief by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *E. J. Gross.*

OWEN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff as the result of a collision between the automobile in which she was riding and a moving freight train. It appears that at about 1:20 a. m. December 21, 1924, the plaintiff, with two young men, all occupying the front seat of a Ford coupé, was driving along a highway leading into Cudahy. While so riding the car collided with a freight train moving across the highway along which plaintiff and her companions were proceeding, resulting in personal injuries to the plaintiff.

The case was tried before a jury. The jury found negli-

gence on the part of the railroad company which constituted the proximate cause of the accident. The jury also found that the plaintiff was guilty of negligence contributing to the accident. Upon motion, the court set aside the verdict and granted a new trial "in the interests of justice, and for inadequacy of damages, and because the finding convicting the plaintiff of contributory negligence is contrary to the weight of the evidence." Defendant appeals from the order granting a new trial.

This order was within the discretion of the court and will not be disturbed unless there has been a clear abuse of discretion, or unless it appears that the trial court proceeded upon an erroneous view of the law. *Lange v. Olson,* 185 Wis. 657, 202 N. W. 361.

It is contended by defendant that there is no evidence in the case upon which the finding of negligence on the part of the railroad company can be sustained. It appears that the railroad company had voluntarily installed at this crossing an electric alarm bell and an electric wigwag to signal the approach of trains at this crossing. The jury found that the banner of the signal device failed to swing, that the bell of said signal device failed to ring, and that the light of said signal device failed to burn, just prior to the time plaintiff was injured. These are the only facts relied upon to convict the company of negligence constituting the proximate cause of plaintiff's injuries.

While it may be conceded that these various signal devices were not working properly, we are confronted with the fact that the train was actually and physically upon and passing over the crossing at the time of the accident. It is well known that signal devices such as those in question are installed by railroad companies, sometimes voluntarily and sometimes pursuant to the requirements of law, not for the purpose of warning travelers upon the highway of the actual presence of a train upon the crossing but for the purpose

of warning them of the approach of a train. Conceding that the plaintiff and her companions in the automobile had a right to rely upon the operation of these signals to warn them of an approaching train, it by no means follows that they had any right to rely upon the operation of these signals for the purpose of warning them of the actual presence of a train passing over the crossing. It cannot be held that the railroad company should have anticipated that by reason of the defective operation of these signals plaintiff and her companions, or any one else traveling along the highway, would collide with a freight train actually passing over the crossing. If any authority for this rather self-evident proposition be needed, the cases of *Nadasky v. Public Service R. Co.* 97 N. J. L. 400, 117 Atl. 478, and *McGlauflin v. Boston & M. R. R.* 230 Mass. 431, 119 N. E. 955, may be cited.

Because there was no negligence on the part of the railroad company which can be said to have proximately contributed to plaintiff's injuries, her complaint should have been dismissed. The granting of a new trial was therefore not only an abuse of discretion, but was due to an erroneous view of the law.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss plaintiff's complaint.