HENDLEY, by guardian *ad litem,* Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, imp., Respondent.

*April 1—April 30, 1929.*

For the appellant there was a brief by *Alexander, Burke & Clark* of Milwaukee, and oral argument by *Giles F. Clark.*

*John F. Baker* of Milwaukee, for the respondent Chicago & Northwestern Railway Company.

ESCHWEILER, J. We are satisfied that the demurrer by the railroad company to this complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action as against such defendant was properly sustained.

Reliance is placed by appellant upon sec. 343.487, Stats., found in the chapter regulating offenses against property, and making it unlawful to stop railroad trains upon a highway crossing outside of cities for longer than ten minutes except in cases of accident, and where the penalty is a fine or imprisonment of the employee only in charge of such train or responsible therefor.

We see no causal connection between the alleged violation of this provision and the injury to the plaintiff upon which could be predicated a liability of the defendant railroad company. It is clear that it was not because of the standing of the train the extra five minutes beyond the statutory ten minutes that could make the railroad company responsible. The same result would have followed had this crossing been approached by plaintiff seven minutes earlier. The lapse of time therefore went no further than to create the condition in which the accident occurred as distinguished from the cause thereof. *Orton v. Penn. R. Co.* 7 Fed. (2d) 36, 38.

No other claim is made that there was any violation by the railroad company of any of the express and many provisions and regulations found in ch. 192 concerning railroads, or of any orders or regulations of the railroad commission. The express provisions in sec. 192.26 as to crossing signs,

and in sec. 192.27 as to the running of trains over crossings, contain nothing upon which a liability to plaintiff could be here established. And there is no allegation of any failure by the railroad company to comply with its statutory duty, secs. 81.19 and 81.20, in maintaining the crossing.

There is clearly nothing here alleged to establish any common-law duty on the railroad company to have some employees stationed at one or both sides of this standing freight train to give notice to approaching travelers of the presence of such a conspicuous object as a standing freight train, although it may well be that the mere absence of a specific statutory provision requiring flagmen is not of itself sufficient, as a matter of law, to relieve a railroad from giving warning in appropriate situations. *Evans v. Erie R. Co.* 213 Fed. 129, 134; and see note in 16 A. L. R. 1280.

The elementary duty resting on those approaching such danger zone as here to exercise care for their own safety has been too often declared to need many citations. *Ruscsck v. C. & N. W. R. Co.* 191 Wis. 130, 134, 210 N. W. 361; *Fannin v. M., St. P. & S. S. M. R. Co.* 185 Wis. 30, 32, 200 N. W. 651; *Yano v. Stott Briquet Co.* 184 Wis. 492, 494, 199 N. W. 48; *Worden v. C. & N. W. R. Co.* 180 Wis. 551, 552, 193 N. W. 356.

In a situation quite similar to that here in question it was held that there was no liability in *Philadelphia & R. R. Co. v. Dillon,* 1 Harr. (Del.) 247, 114 Atl. 62, 15 A. L. R. 894, note at p. 901. See, also, *McGlauflin v. Boston & M. R. Co.* 230 Mass. 431, 434, 119 N. E. 955; *Nadasky v. Public Service R. Co.* 97 N. J. L. 400, 117 Atl. 478.

In the case of *Depouw v. C. & N. W. R. Co.* 154 Wis. 610, 143 N. W. 654, the defendant was held subject to liability where a team was driven into such a standing freight train, but it is clearly not applicable to such a situation as was here presented, as is pointed out in the *Worden Case, supra.*

It is unnecessary, therefore, to consider the possible contributory negligence of the plaintiff, or any other questions, since we are satisfied there is no negligence of defendant alleged.

*By the Court.*—Order affirmed.