W. D. AND DALE CROSBY v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 4, 1932.

Nos. 29,039, 29,040.

---

[1]Reported in 245 N. W. 31.

264

*John I. Davis* and *Frank J. Zima,* for appellants.

*Frank E. Wright, A. L. Janes, Cobb, Hoke, Benson, Krause & Faegre, Paul J. McGough,* and *Bradshaw Mintener,* for respondent.

WILSON, C. J.

Each plaintiff appealed from a judgment entered pursuant to defendant's motion in each case for judgment notwithstanding a disagreement of the jury.

On August 28, 1930, at about 9:45 p. m. Dale Crosby drove an automobile from the north on state highway No. 66 going toward and near the village of Appleton. He was 21 years old. His 15-year old brother Emmett was riding with him. Just north of the village defendant's track intersects this highway. There is a grade crossing. In a collision with one of defendant's trains at this crossing the Crosby boys were injured. Dale Crosby seeks to recover damages for his injuries. Emmett Crosby, being a minor, his father seeks to recover damages for him. There are separate actions.

This highway leads to the crossing straight from the north. It is practically level and graveled to a width of 24 feet. The crossing is protected by the usual statutory signs. An electric street light 24 feet above the ground, four feet east of the highway and 65 feet south of the center of the railroad track, was burning.

The crossing is planked to a width of 40 feet. In addition to the large crossing sign at the crossing, there is a warning sign 300 feet to the north. These two young men were familiar with the crossing. They had lived on a farm about two miles to the northwest. They had traveled over this crossing in the daytime on the day of the accident. As they approached the crossing at the time here involved a freight train was slowly moving upon the crossing. It consisted of an engine, one box-car, and ten gondola cars. It was moving in a westerly direction at the rate of three or four miles per hour. Just previously it had been standing for three or four minutes and had moved but 25 to 30 feet when the accident happened. The engine was headed east and had a 250 candle-power light facing east. It was moving backward; its front end was coupled to the box-car, and east of the box-car were the gondola cars. In making the movement the engine was going backward.

The crossing has a fairly open view as one comes from the north on the highway. Dale Crosby drove his automobile into the eighth car from the engine, resulting in injury to himself and his brother.

■ Subject to legislative restriction, which is not here violated, it is not negligence in itself for a railroad company to allow a train of cars to stand on a highway crossing or to move thereon. Wood v. Northern Alabama Ry. Co. 22 Ala. App. 513, 117 So. 495; Cleveland, C. C. & St. L. Ry. Co. v. Gillespie, — Ind. App. —, 173 N. E. 708, 713; Philadelphia & R. R. Co. v. Dillon, 31 Del. 247, 114 A. 62, 15 A. L. R. 894; St. L. S. F. Ry. Co. v. Guthrie, 216 Ala. 613, 114 So. 215, 56 A. L. R. 1110; G. M. & N. R. Co. v. Holifield, 152 Miss. 674, 120 So. 750; Hendley v. C. & N. W. Ry. Co. 198 Wis. 569, 225 N. W. 205; Jacobson v. N. Y. S. & W. R. Co. 87 N. J. L. 378, 94 A. 577; Gage v. B. & M. R. Co. 77 N. H. 289, 90 A. 855, L. R. A.

1915A, 363; Orton v. Pa. R. Co. (C. C. A.) 7 F. (2d) 36; Morris v. Atlantic C. R. Co. 100 N. J. L. 328, 126 A. 295; Jones v. A. T. & S. F. Ry. Co. 129 Kan. 314, 282 P. 593; Gilman v. Central Vt. Ry. 93 Vt. 340, 107 A. 122, 16 A. L. R. 1102; Trask v. B. & M. R. Co. 219 Mass. 410, 106 N. E. 1022; Witherly v. B. & A. R. Co. 131 Me. 4, 158 A. 362.

Defendant was carrying on a legitimate business in a lawful manner. Reasonable operation of its business does not require a light on the side of each or any of the cars of a standing or moving train. Neither is it reasonable to expect or require a railroad company to have men with lanterns on the ground when trains pass in the night.

■ Statutory signals for trains approaching a highway crossing are solely for the benefit of travelers on the highway so as to warn them of approaching trains. They are immaterial when and where, as here, the train is actually upon and occupying the crossing when the traveler arrives. Schmidt v. C. & N. W. Ry. Co. 191 Wis. 184, 210 N. W. 370; McGlauflin v. B. & M. R. Co. 230 Mass. 431, 119 N. E. 955, L. R. A. 1918E, 790; Nadasky v. Public Service R. Co. 97 N. J. L. 400, 117 A. 478; Keel v. Seaboard A. L. Ry. 122 S. C. 17, 114 S. E. 761; Southern Ry. Co. v. Simpson, 149 Tenn. 458, 261 S. W. 677; Yardley v. Rutland R. Co. 103 Vt. 182, 153 A. 195; Jones v. A. T. & S. F. Ry. Co. 129 Kan. 314, 282 P. 593; G. M. & N. R. Co. v. Holifield, 152 Miss. 674, 120 So. 750. Such being the rule, the argument that, since the two young men were rendered unconscious for three or four days and cannot now remember anything about the accident, there is a presumption that they used due care and there is an inference that no signal or warning was given is not convincing, logical, or sound.

The requirement for signals and warnings as to such crossings is not for the purpose of preventing automobile drivers from running into the side of trains. Nadasky v. Public Service R. Co. 97 N. J. L. 400, 117 A. 478; Southern Ry. Co. v. Simpson, 149 Tenn. 458, 261 S. W. 677; Yardley v. Rutland R. Co. 103 Vt. 182, 153 A. 195; Schmidt v. C. & N. W. Ry. Co. 191 Wis. 184, 210 N. W. 370;

Hendley v. C. & N. W. Ry. Co. 198 Wis. 569, 225 N. W. 205; McGlauflin v. B. & M. R. Co. 230 Mass. 431, 119 N. E. 955, L. R. A. 1918E, 790.

Common experience is that the occupation of a highway crossing by a train is visible to travelers on the highway, including automobile drivers whose cars are properly equipped with lights and who exercise ordinary care. It would seem that a train upon a crossing is itself effective and adequate warning. It has always been so considered. This is so whether the train is moving or standing. A railroad company is under no obligation to light an ordinary highway crossing at night so that its trains thereon may be seen by travelers.

■ Undoubtedly cases do and will arise where a railroad company, because of peculiar and unusual facts and circumstances rendering the situation extrahazardous, must in the exercise of reasonable care do things which are not required by statute. Shaber v. St. P. M. & M. Ry. Co. 28 Minn. 103, 9 N. W. 575; Zenner v. G. N. Ry. Co. 135 Minn. 37, 159 N. W. 1087; Gowan v. McAdoo, 143 Minn. 227, 173 N. W. 440; see also Anno. 60 A. L. R. 1110. In other words, such company must take such precaution as prudent management with respect to public safety requires, though such precaution may be in addition to the requirement of the statute or though there may be no statute upon the subject.

The appellants attempt to bring these cases within such classification. The claim is that this results from the fact that the engine was about 375 feet west of the crossing, headed east, with a strong headlight which is claimed tended to lead the driver of the automobile to assume that the train was behind the engine and that he had ample time to go over the crossing ahead of the supposed train. This contention ignores the fact that within a few feet of the headlight and in front of it was a box-car which necessarily obstructed the rest of the light. It would seem that the situation necessarily disclosed the presence of the box-car almost if not equally as well as that of the engine. Many train or engine movements are made near depots and yards with the engine reversed.

We cannot construe the record as presenting a case within such classification.

We are unable to find any negligence on the part of defendant. Both judgments are affirmed.