ESTERLINE *v.* KENNICOTT.

1. RAILROADS—TRAINS—CROSSINGS—WARNINGS.
   The purpose of an automatic track circuit wigwag flagman, being to warn the public of approaching engines and trains, is ended upon the arrival of a train at the crossing, the presence of a train across a highway being sufficient notice and warning to approaching motorists, in the absence of proof of special conditions which would place upon the railroad company a special duty to erect other warning signals.

2. SAME—NEGLIGENCE—CROSSING—SIGNAL.
   In action against railroad company by minor passenger in automobile which collided with box car, one of 38 in a train passing over crossing at night, defendant company *held*, free from negligence as a matter of law, notwithstanding plaintiff's driver who knew of, and depended upon, but was unable to see, automatic track circuit wigwag flagman on opposite side of track because vision thereof was screened by passing box cars, such signal having been installed merely to warn of approaching trains.

Appeal from Allegan; Miles (Fred T.), J.  Submitted June 3, 1936. (Docket No. 58, Calendar No. 38,663.)  Decided September 2, 1936.

Case by Lloyd Esterline, by Charles Esterline, his next friend, against Guy Kennicott, Lester Kennicott and New York Central Railroad Company, a foreign corporation, for personal injuries sustained in collision between automobile and train at a railway crossing. Verdict and judgment for defendants Kennicott. From directed verdict and judgment for defendant railroad company, plaintiff appeals. Affirmed.

*Leo W. Hoffman,* for plaintiff.

*William A. Alfs* and *Ethol W. Stone* (*John J. Danhof* and *Harold H. McLean,* of counsel), for defendant railroad company.

Toy, J.   On February 20, 1935, the plaintiff, then 14 years of age, was riding in the rear seat of the Essex coach automobile of defendant Guy Kennicott, being driven by his son Lester Kennicott, easterly on State highway M-89 in the city of Plainwell. Two other boys were riding in the car with the driver and plaintiff.   The car had proceeded across the bridge spanning the Kalamazoo river and from thence had driven a distance of a long business block east on M-89 and up and over a grade crossing of the Pennsylvania railroad tracks and had proceeded about 195 feet from such tracks to the railroad tracks of defendant railroad where it collided with a box car, which was proceeding in a train of 38 cars across the highway, injuring plaintiff.   This action was brought to recover damages arising from such injury.   At the close of plaintiff's proofs the trial court on motion of the defendant railroad company directed a verdict in favor of such defendant of no cause of action for the stated reason that there was not sufficient evidence of such defendant's negligence to warrant submission of the case to the jury.

Plaintiff appeals therefrom and contends that the trial court was in error in directing a verdict for defendant railroad company and contends that there was sufficient evidence of negligence upon the part of such defendant to warrant the submission of the case to the jury.   He contends that because the automatic track circuit wigwag flagman, or signal, was placed at such a height and on the opposite side of

the railroad tracks of defendant so as to bar it from the view of the approaching driver, when a train of box cars was proceeding on the railroad tracks between the driver and the signal, a trap was created so as to mislead reasonably prudent people traveling on the highway and which did mislead the driver of the car in which plaintiff was riding. The automatic signal consisted of a swinging disk suspended from a cross arm, the disk swinging at right angles to the highway; at the bottom of the disk was a red light which was 13 feet 10 inches above the ground. The height of a box car varies between 13 and 14 feet. It is the contention of plaintiff that because of the screening of the signal light, plaintiff's driver who was aware that such signal light existed, who relied on its presence, and who looked for such light as he approached the track, was so misled by his failure to see such signal light as to cause him to collide with defendant's train as it crossed the highway. He contends that the failure of the railroad company to have such signal light erected in such position so as to warn approaching automobile drivers from either direction is negligence.

The signal light in question was erected and installed in pursuance to an order of the Michigan Railroad Commission issued May 14, 1915, which order provided:

"Therefore, it is hereby ordered that you, the New York Central Railroad Company, within thirty days of service hereof, cause to be installed and thereafter effectively maintained and operated, an automatic track circuit wigwag flagman at the Bridge street crossing in the village of Plainwell, to warn the public of approaching engines and trains."

It is plain that such signal was ordered "to warn the public of *approaching* engines and trains." For

this purpose the signal is visible from both direc-
tions. After the arrival of a train at the crossing
the particular purpose of this signal was ended. The
very presence of the train across the highway is
thereafter a notice and warning to approaching
drivers. There is no duty upon the part of the rail-
road company to anticipate that one using the high-
way will not see such train and be apprised of its
presence as fully as he would be if some other warn-
ing or signal were used. There is here no proof of
special conditions which would place upon defendant
railroad a special duty to erect other warning sig-
nals. We think that our decision in *McParlan* v.
*Railway Co.,* 273 Mich. 527, which was decided since
the trial of the instant case, is controlling of the is-
sue here before us. Since that case was so recently
decided it is unnecessary to repeat the reasoning and
authorities therein contained. However, since our
decision in that case, the supreme court of Iowa
decided a somewhat analogous case in *Dolan* v. *Brem-
ner,* 220 Iowa, 1143 (263 N. W. 798), and said p. 1148:

"Railroad tracks necessarily cross public high-
ways, and it is necessary that trains at times be
stopped upon such public highway crossings. When
this is done and the railroad company is making rea-
sonable and legitimate use of such crossing, the pres-
ence of the train itself is sufficient warning to any
one using the highway, and there is no duty upon the
part of the railroad company to anticipate that one
using the highway will not see such train and be ap-
prised of its presence as fully as he would be if other
signs or warnings were used."

In *Crosby* v. *Railway Co.,* 187 Minn. 263 (245 N.
W. 31), the court stated:

"Common experience is that the occupation of a
highway crossing by a train is visible to travelers

on the highway including automobile drivers whose cars are properly equipped with lights and who exercise ordinary care. It would seem that a train upon a crossing is itself effective and adequate warning. It has always been so considered. This is so whether the train is moving or standing. A railroad company is under no obligation to light an ordinary highway crossing at night so that its trains thereon may be seen by travelers."

The judgment is affirmed, with costs to defendant railroad company.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. POTTER, J., did not sit.