ALLEN v. GRAND TRUNK WESTERN RAILROAD COMPANY.

1. RAILROADS—CROSSING—PRESENCE OF TRAIN—WARNINGS.

The presence of a railroad train on a crossing is notice and warning to those using the highway and railroads will only be chargeable with negligence if there are unusual conditions which require additional warnings.

2. SAME—BLACK GONDOLA CAR ON CROSSING ON DARK NIGHT—CUSTOMARY CROSSING SIGN.

Fact that night was dark, horizon black and railroad gondola car blocking highway crossing was also black was not such

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 44 Am Jur, Railroads §§ 395-400.
[1, 2] Liability of railroad for injury due to road vehicle running into train or car standing on highway crossing. 15 ALR 901; 56 ALR 1114; 99 ALR 1454; 161 ALR 111.
Customary or statutory signals from train as measure of railroad's duty as to warning at highway crossing. 5 ALR2d 112.
[3] 3 Am Jur, Appeal and Error § 896.

an unusual combination of circumstances as to require rail-
road to provide more than the customary railroad crossing
sign.

3. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.
The Supreme Court does not reverse in a nonjury case wherein
the controlling issue is one of fact, unless the evidence clear-
ly preponderates in the opposite direction.

Appeal from Oakland; DesJardins (George W.),
J., presiding. Submitted April 17, 1952. (Docket
No. 22, Calendar No. 45,113.) Decided June 3, 1952.

Case by Preston Allen against Grand Trunk West-
ern Railroad Company for injuries sustained when
automobile in which he was riding ran into defend-
ant's train stopped across highway. Judgment for
defendant. Plaintiff appeals. Affirmed.

*Edward J. Fallon* and *Howarth & Allen,* for plain-
tiff.

*H. V. Spike, Forbes B. Henderson* and *J. P. Try-
and (Patterson & Patterson,* of counsel), for defend-
ant.

BUSHNELL, J. Plaintiff Preston Allen, who was
injured while a guest passenger in an automobile
owned and operated by Dr. Earle W. Spohn, has ap-
pealed from a judgment of no cause of action entered
on the verdict of the trial judge sitting without a
jury.

On August 10, 1946, Allen and his wife were in-
vited to be the guests of Dr. Spohn and his family
at their cottage on the Canadian side of Lake Huron.
Dr. Spohn came to Allen's home northeast of Roch-
ester, Michigan, about 8 o'clock in the evening, and
they proceeded towards Port Huron. When they
reached Richmond, Michigan, they inquired of a po-
lice officer regarding the shortest route, and they

were advised to proceed directly ahead on Division, a black-top road, also known as 32-Mile road.

The Grand Trunk railroad tracks cross Division about one-half mile east of Richmond. According to one of plaintiff's witnesses, a surveyor, the highway has a gradual rise of 3 feet 3 inches from a point 250 feet west of the tracks, to the highway crossing. However, another of plaintiff's witnesses, also a surveyor, testified from an examination of certain photographs introduced in evidence, that the road was approximately level at the tracks. There were no crossing gates or automatic flashers, the crossing being marked by a warning sign and the usual railroad-crossing sign. Neither the doctor nor Allen was familiar with the road, and neither was aware of the location of the tracks. The bright headlights of the automobile were on and there were no other lights of any kind in the vicinity or on the eastern horizon.

About 4 minutes before the accident a locomotive with its bell ringing and headlights on had crossed the road, drawing an 85-car freight train. When the train was about halfway over the crossing, it stopped to take on water. The conductor, who was riding in the caboose, testified that he alighted when the train stopped and then saw an automobile approaching from the west at what he claimed was an excessive rate of speed.

Plaintiff testified that Dr. Spohn was driving at about 30 to 35 miles per hour, and that he did not hear any sounds indicating the presence of a train, and saw no lights. Allen insists that the gondola car into which they crashed was not observable within the beam of the automobile headlights, because of the elevation of the tracks; that he shouted a warning to Dr. Spohn, who was unable to stop before the collision.

The conductor testified that after the automobile struck the train he lighted a fusee and ran 45-car

lengths to the intersection. He then broke the air hose to prevent movement of the train, and stopped an automobile approaching from the east, and told the occupants to get an ambulance and a doctor.

The hood of Dr. Spohn's automobile was jammed under the body of the gondola. Allen sustained a fracture of the right hip and the neck of the femur, and received severe lacerations about the face resulting in permanent scars. At the time of trial his injured leg was a quarter of an inch shorter than the other, and further surgery was indicated.

The trial judge sitting without a jury concluded that plaintiff had failed to show any negligence on the part of defendant. Allen argues on appeal that it is negligence to permit an unlighted freight train to obstruct a heavily-traveled highway without giving motorists any warning of its presence; that defendant's operating crew was negligent in failing to use the lanterns, flares, and other signal devices with which the train was equipped.

The cases hold that the presence of a railroad train on a crossing is notice and warning to those using the highway, and that railroads will only be chargeable with negligence if there are unusual conditions which require additional warnings. *McParlan* v. *Grand Trunk Western R. Co.,* 273 Mich 527, 533; and *Esterline* v. *Kennicott,* 277 Mich 130, 133. See, also, *Simpson* v. *Pere Marquette Railway Co.,* 276 Mich 653, and authorities annotated in 15 ALR 901, 56 ALR 1114, 99 ALR 1454.

Plaintiff relies on the fact that the night was dark, the horizon black, as was the surface of the road and the gondola car blocking the crossing. This combination of circumstances is not unusual. He also claims that fog or mist at an elevated crossing on a heavily-traveled highway added to the risk. However, there is conflicting testimony as to these facts.

The trial judge relied on the *Simpson Case, supra.* In that case the driver of the automobile, after observing a crossing sign 500 feet from the track, had slowed down to 10 miles an hour, and was on the alert for the train. Notwithstanding this exercise of caution, recovery was denied. The trial judge here concluded that, unless he imposed a continuous and permanent duty greater than that required by statute or decision, he was unable to find proof of defendant's negligence. His conclusion was that no condition existed at the time of the collision that would require the imposition of additional duties upon defendant railroad company other than those required under ordinary conditions.

In cases tried by the court without a jury, we do not reverse unless the evidence clearly preponderates in the opposite direction. *Benjamin* v. *Bondy,* 322 Mich 35, 40, and *Davis* v. *Randall,* 322 Mich 195, 198.

The judgment is affirmed, with costs to appellee.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.