**HELGESON**
v.
**CHICAGO, R. I. & P. R. CO.**
Civ. No. 791.

United States District Court,
D. Minnesota, Second Division.
Aug. 13, 1954.

Wallace C. Sieh, Austin, Minn., for plaintiff.

Philip Stringer and Henry H. Cowie, Jr. (of Sullivan, Stringer, Donnelly & Sharood), St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This matter comes before the Court on plaintiff's motion for a new trial following the directing of a verdict for defendant by the Court, after both parties had rested.

The facts are undisputed. Plaintiff was approaching defendant's track along a public highway known as State Aid Road No. 6 at about 7 o'clock in the evening of October 12, 1953, when his automobile collided with the fifth or sixth car from the rear of defendant's twenty-car train which was moving west at about three to six miles per hour. Plaintiff's automobile was in good driving condition and its headlights were turned on. The highway was straight for a considerable distance and crossed the track at right angles. There was no warning sign or signal at the intersection. Plaintiff was familiar with the crossing. There was no fog, steam or like obstruction to the view of plaintiff. He testified the color of the railroad cars blended with the highway and he could not stop his automobile at the speed he was traveling when he first saw the moving train in time to avoid the collision.

Plaintiff contends the absence of statutory warnings and signals at the intersection in question, required the Court to submit the question of liability to the jury.

Defendant contends plaintiff was guilty of contributory negligence as a matter of law.

The Court disagrees with plaintiff's counsel that the absence of statutory warning signals was alone sufficient to make a jury question. As said by Chief Justice Wilson in Crosby v. Great Northern Ry. Co., 187 Minn. 263, 266, 245 N.W. 31, 32:

"Statutory signals for trains approaching a highway crossing are solely for the benefit of travelers on the highway so as to warn them of approaching trains. * * * They are immaterial when and where, as here, the train is actually upon and occupying the crossing when the traveler arrives. * * * The requirement for signals and warnings as to such crossings is not for the purpose of preventing automobile drivers from running into the side of trains. * * * It would seem that a train upon a crossing is itself effective and adequate warning." [Emphasis ours.]

The fact that plaintiff collided with an "inconspicuous flatcar" is of little help to him in avoiding contributory negligence as a matter of law. Flagg v. Chicago Great Western Ry. Co., 8 Cir., 143 F.2d 90, 94; Anderson v. Great Northern Ry. Co., 147 Minn. 118, 179 N.W. 687; Sullivan v. Boone, 205 Minn. 437, 441, 286 N.W. 350, 352; Mlenek v. Fleming, 224 Minn. 38, 27 N.W.2d 800.

The crossing was in open country and not extra hazardous. Rhine v. Duluth, M. & I. R. Ry. Co., 210 Minn. 281, 284, 297 N.W. 852; Olson v. Duluth, M. & I. R. Ry. Co., 213 Minn. 106, 5 N.W.2d 492.

Obviously, the claimed negligence of defendant was not the proximate cause of the collision. Rather, plaintiff's contributory negligence was the sole cause of the accident. Chicago, M. St. P. & P. R. Co. v. Slowik, 8 Cir., 184 F.2d 920, 925. Suffice it to quote Chief Judge Gardner in that case, 184 F.2d at page 925:

"We can not escape the conclusion that the negligence of the defendant in failing to maintain permanent crossing signs was not the proximate cause but merely a condition of the accident and that the negligence of the driver of the automobile was the sole cause of plaintiff's injuries. Having reached this conclusion, we find it unnecessary to consider whether or not plaintiff himself was guilty of contributory negligence, nor need we consider whether or not the court erred in giving or refusing to give instructions. The defendant was entitled to a directed verdict and that having been refused, he was entitled to judgment notwithstanding the verdict. The judgment appealed from is therefore reversed with directions to enter judgment dismissing the action."

Until the law-making branch of government requires lights or similar warnings on the side of railroad rolling stock, the rule of ordinary care must be applied to plaintiff and defendant in this type of case.

The motion for a new trial must be, and the same is denied.

It is so ordered.

Plaintiff may have an exception.